CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
4760 South Pecos Rd., Ste 103
Las Vegas, Nevada 89121
P: (702) 435-7968
attcbf@cox.net
*Attorney for Plaintiff Wilshanda Garner and
 all others similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| WILSHANDA GARNER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE CO., a Massachusetts company, and JOHN DOE d/b/a Your Grant Advisor,<br><br>*Defendants*. | Case No.: 2:20-cv-00836<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Wilshanda Garner brings this class action under the Telephone Consumer Protection Act against Defendants Liberty Mutual Insurance Co. and John Doe d/b/a Your Grant Advisor to stop their practice of sending unauthorized text messages promoting Liberty Mutual's insurance products, and to obtain redress for all persons similarly injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. This case challenges Defendants' practice of sending unauthorized text messages to consumers promotion Liberty Mutual's insurance products.

2. Defendants' text messages violated the Telephone Consumer Protection Act, 47

1

U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such calls, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring Defendants to cease sending unsolicited text messages to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Garner is, and at all times relevant to the allegations in the complaint was, a Las Vegas, Nevada resident. Plaintiff received Liberty Mutual's unauthorized text messages while physically located in Las Vegas.

5. Defendant Liberty Mutual is a Massachusetts company headquartered in Massachusetts.

6. Defendant John Doe is an as yet unidentified company doing business as Your Grant Advisor.

## JURISDICTION & VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

8. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants' unauthorized telemarketing scheme was directed by Defendants to Plaintiff in this District as part of a nationwide text messaging campaign regularly involving text messages to other consumers in this District.

## FACTUAL ALLEGATIONS

9. Liberty Mutual is an insurance company.

10. As part of its business, and to increase sales of its products, Liberty Mutual relies on and authorizes third parties to generate leads for its insurance products.

11. One such company is Your Grant Advisor, which engages in text message marketing to promote Liberty Mutual's products.

12. In fact, Liberty Mutual provides Your Grant Advisor with unique links to its website for consumers to use to sign up for Liberty Mutual insurance and Your Grant Advisor can be identified as the "affiliate" that generated the lead.

13. This case arises from Your Grant Advisor's text messages to Plaintiff promoting Liberty Mutual insurance.

14. Specifically, on April 11, 2020 at 1:50 pm, Your Grant Advisor sent an unsolicited text message to Plaintiff from short code 32494:



12. The website ga5.co/UUcTWNQ redirected to https://www.libertymutual.com/multi-online-quotes?selectedOpt=auto&cid=email&src=email_ pacq_em_MDO_2018_tc100_quotebut&cmpgncde=2592&affiliateID=161900&hitID=543817561&subsubid=sc, a website providing quotes for Liberty Mutual insurance associated with Liberty Mutual "affiliateID" number 161900.

13. Plaintiff has never provided her consent to either Defendant to send her text messages to her cellular phone number using an automatic telephone dialing system.

14. Defendants' unsolicited text was a nuisance that aggravated Plaintiff, wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her

to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components.

15. In sending the unsolicited text messages at issue, Your Grant Advisor, or a third-party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator, or to dial telephone numbers from preloaded lists.  This is evident from the circumstances surrounding the text messages including the text message's commercial and generic content, that the text message was unsolicited, that it was sent from a short code, and that replying "STOP" or "HELP" triggers an automatic response.

16. On information and belief, Your Grant Advisor, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of thousands of consumers.  This is evident from the text message's commercial and generic content, that the text message was unsolicited, and that it was sent using an automatic telephone dialing system.

17. Liberty Mutual provided Your Grant Advisor unique access to its website, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

18. Accordingly, Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **ATDS Class**: All persons who, on or after four years prior to the filing of the initial complaint in this action through the date of class certification, (1) were sent a text message to their cellular telephone number by or on behalf of Defendants, (2) using a dialing system substantially similar dialing system as used to text message Plaintiff, (3) for a substantially similar reason as Defendants texted Plaintiff.

19. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its

parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

20. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants sent unsolicited text messages to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendants' records.

21. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendants violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendants' uniform wrongful conduct.

22. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

- a) How Defendants gathered, compiled, or obtained the telephone numbers of Plaintiff and the Class;
- b) Whether the text messages were sent using an automatic telephone dialing system;
- c) Whether Defendants' text messages were sent for the purpose of marketing Liberty Mutual's products and services;
- d) Whether Defendants sent some or all of the text messages without the consent of Plaintiff and the Class;
- e) Whether Liberty Mutual is vicariously liable for Your Grant Advisor's conduct; and
- f) Whether Defendants' conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

23. **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

24. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

25. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the ATDS Class)**

26. Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 of this complaint and incorporates them by reference.

27. Defendants and/or their agents transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the ATDS Class using an automatic telephone dialing system.

28. These solicitation text messages were sent without the consent of Plaintiff and the other members of the ATDS Class.

29. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result, under 47 U.S.C. §§ 227(b)(3)(B)-(C), Plaintiff and members of the ATDS Class are entitled to a minimum of $500 and a maximum $1,500 in damages for each violation.

## JURY TRIAL DEMAND

30. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Garner, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and her counsel as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring Defendants to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems necessary.

Dated: May 8, 2020  
.

Respectfully Submitted,  
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.

*/s/ Craig Friedberg*  
CRAIG B. FRIEDBERG, ESQ.

*Counsel for Plaintiff Wilshanda Garner and all others similarly situated*